IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| Jim Lupient Oldsmobile Company d/b/a Jim Lupient Buick Pontiac GMC, | Case No. 06CV726 DSD JJG |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| General Motors Corporation, | |
| Defendant. | |

For its Complaint against Defendant General Motors Corporation ("Defendant"), Plaintiff Jim Lupient Oldsmobile Company d/b/a Jim Lupient Buick Pontiac GMC ("Plaintiff") states and alleges as follows:

## PARTIES

1. Plaintiff is a Minnesota corporation which operates an automobile dealership, Jim Lupient Buick Pontiac GMC, located at 7100 Wayzata Boulevard in Golden Valley, Minnesota.

2. Defendant is a Delaware corporation, with its principal place of business at 300 Renaissance Center in Detroit, Michigan.

## JURISDICTION AND VENUE

3. This matter involves a dispute between citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000. Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.



4. A substantial part of the events or omissions giving rise to Plaintiff's claims in this case occurred, or a substantial part of the property that is the subject of this action is situated, in this judicial district. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

5. Plaintiff is, in the ordinary course of business, engaged in selling new motor vehicles, including new Buick motor vehicles, to consumers, and holds a valid contract, granted by Defendant for the sale of Buick motor vehicles. Plaintiff is therefore a "dealer" within the meaning of Minn. Stat. § 80E.03, subd. 3.

6. Defendant manufacturers or assembles new Buick motor vehicles or is a corporation controlled by a manufacturer. Defendant is therefore a "manufacturer" within the meaning of Minn. Stat. § 80E.03, subd. 4.

7. On or about January 24, 2006 Plaintiff received a letter addressed to Barbara K. Lupient of Plaintiff, from Scott Bell, Defendant's Zone Manager, notifying Plaintiff of Defendant's intention to relocate a Buick franchise from 1225 University Avenue in St. Paul, Minnesota to 2775 Highway 35W in Roseville, Minnesota ("the Proposed Location"). A copy of this letter is attached as Exhibit A to this Complaint and is incorporated herein by reference.

8. The Proposed Location is within a ten mile radius of Plaintiff's existing dealership and is, therefore, within Plaintiff's "relevant market area" as defined by Minn. Stat. § 80E.14, subd. 1.

9. Pursuant to the provisions of Minn. Stat. § 80E.14, subd. 1, and 80E.17, Plaintiff hereby challenges the establishment of a new dealership at the Proposed Location,.

10. Minnesota Statute § 80E.14, subd. 1, provides that if the establishment of a new dealership in the relevant market area of an existing dealership in the same line make is challenged by the existing dealership, "good cause" must be shown before the new dealership is established.

11. Defendant has the burden of establishing the "good cause" requirement of Minn. Stat. § 80E.14, subd. 1. Defendant has not, and cannot, establish such "good cause."

12. Plaintiff will suffer irreparable harm if Defendant is permitted to establish a new Buick dealership at the Proposed Location.

## CAUSE OF ACTION

### Count One
### (Declaratory Relief)

13. Plaintiff realleges their Paragraphs 1 through 12 of this Complaint.

14. There exists a present, justiciable controversy with respect to Defendant's plan to establish a new Buick dealership at the Proposed Location.

15. By reason of the foregoing, Plaintiff is entitled to a declaration that Defendant has not, and cannot, establish "good cause" for establishing a new Buick dealership at the Proposed Location.

## Count Two
## (MVSDA)

16. Plaintiff realleges their Paragraphs 1 through 15 of this Complaint.

17. Defendant has not, and cannot, demonstrate "good cause" to establish a new dealership at the Proposed Location, as required by Minn. Stat. §80E.14.

18. By reason of the foregoing, Plaintiff is entitled to an injunction, preventing Defendant from establishing a new dealership at the Proposed Location. Although Plaintiff believes that there is no adequate remedy at law for the irreparable harm, loss and damage described in this Complaint, it alleges, in the alternative, that by reason of the foregoing, that Plaintiff has sustained damages in an amount in excess of $75,000.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for an Order of this Court:

A. Declaring that good cause does not exist for the establishment of a new dealership at the Proposed Location;

B. Temporarily and permanently enjoining the establishment of a new dealership at the Proposed Location;

C. Awarding Plaintiff damages in an amount in excess of $75,000;

D. Awarding Plaintiff its costs and disbursements, including reasonable attorneys' fees, pursuant to Minn. Stat. § 80E.17; and

E. Awarding Plaintiff such other and further relief as the Court may deem just and equitable.

Dated: February 23, 2006

GREENE ESPEL, P.L.L.P.

_____
Lawrence M. Shapiro, P.A., Reg. No. 130886
200 S. Sixth Street
~~Suite~~ 1200
Minneapolis, MN  55402
(612) 373-8325

ATTORNEYS FOR PLAINTIFF

#233061v1

# EXHIBIT A



General Motors Corporation
Dealer Contractual Group
Mail Code 482-A07-C66
100 GM Renaissance Center
Detroit, MI 48265-1000

**Certified Mail 7002 2030 0000 9410 3023**
**Return Receipt Requested**

**Personal & Confidential**

January 23, 2005

Jim Lupient Oldsmobile Co.
dba Jim Lupient Buick Pontiac GMC
7100 Wayzata Blvd.
Golden Valley, MN 55426-1616

Attention: Mrs. Barbara K. Lupient

General Motors Corporation ("GM" or "General Motors") has completed its review of a proposal that contemplates the relocation of its Buick dealership operations from 1225 University Avenue, Saint Paul, MN, to 2775 Highway 35W, Roseville, MN, a distance of approximately 5.13 miles from the current location. A final decision has been made to approve this relocation proposal. The relocation of the Buick dealership point will not become effective until at least 30 days after you receive this notice.

This notice is provided to you pursuant to Section 80E.14, Subdivision 1, of the Minnesota Statutes Annotated.

Very truly yours,

*Scott Bell*   CD
Scott Bell
Zone Manager
General Motors Corporation

c:    Dealer Contractual Group

## NO-PROTEST AGREEMENT

THIS NO-PROTEST AGREEMENT (this "Agreement") is entered into as of the _____ day of January, 2006, by JIM LUPIENT OLDSMOBILE COMPANY, a Minnesota corporation, d/b/a Lupient Pontiac Buick GMC ("Dealer") for the benefit of GENERAL MOTORS CORPORATION ("GM").

### RECITALS

A. Dealer is a party to a Dealer Sales and Service Agreement with GM pursuant to which Dealer is authorized to sell and service Buick motor vehicles.

B. GM desires to establish representation for the sale and service of Buick motor vehicles at or in the vicinity of Roseville, Minnesota (the "Proposed Site").

### COVENANTS

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the adequacy and sufficiency of which are hereby acknowledged, the parties to this Agreement hereby agree as follows:

1. No Protest. Dealer covenants and agrees that it will not commence, maintain, or prosecute, or cause, encourage, or advise to be commenced, maintained, or prosecuted, or assist in the prosecution of any action, arbitration, mediation, suit, proceeding, or claim of any kind, before any court, administrative agency, or other tribunal or dispute resolution process, whether federal, state, or otherwise, to challenge, protest, prevent, impede, or delay, directly or indirectly, establishment of a Buick motor vehicle dealership at or in the vicinity of the Proposed Site.

2. Binding on Successors and Assigns. Dealer, for itself and for each and all of its predecessors, successors, heirs, assigns, administrators, agents, or other representatives, hereby releases and forever discharges GM, its subsidiaries, divisions, affiliates, successors, assigns, directors, officers, employees, agents, or other representatives, from any and all past, present, and future claims, demands, rights, causes of action, judgments, executions, damages, liabilities, costs, or expenses (including attorneys' fees) which they or any of them have or might have or acquire, whether known or unknown, actual or contingent, which arise from, are related to, or are associated in any way with, directly or indirectly, the establishment of the aforementioned motor vehicle dealership.

3. Unknown Claims. Dealer recognizes that it may have some claim, demand, or cause of action of which it is unaware and unsuspecting which it is giving up by executing this Agreement. Dealer further recognizes that it may have some loss or damage now known that could have consequences or results not now known or suspected, which it is giving up by executing this Agreement. Dealer expressly intends that it shall be forever deprived of any such claim, demand, cause of action, loss, or damage and understands that it shall be prevented and precluded from asserting any such claim, demand, cause of action, loss, or damage.

4. Indemnification. In the event any action or other proceeding is commenced contrary to the provisions of this Agreement, Dealer shall indemnify and hold GM, its affiliates and their respective members, partners, venturers, stockholders, officers, directors, employees, agents, spouses, legal representatives, successors and assigns (the "Indemnified Parties") from and against any and all claims,

demands, fines, penalties, suits, causes of action, liabilities, losses, damages, cost of settlement and expenses (including, without limitation, reasonable attorneys' fees and costs), arising in connection with the defense or settlement of such action or proceeding. It is further understood and agreed that a claim for indemnity pursuant to this Agreement shall be deemed to accrue immediately upon the commencement of any action or other proceeding contrary to this Agreement, and in any such action or proceeding this Agreement may be pled as a defense, or may be asserted by way of counter-claim, cross-claim, or third party complaint, or other permissible process or pleading.

5. **Consideration; Modification.** Dealer acknowledges that the mutual promises and covenants contained in this Agreement are the sole and total consideration and agreement of the parties; that there are no other or further covenants, promises, understandings, or agreements not contained in this Agreement; and that in accepting the terms of this Agreement, Dealer has not relied upon any covenants, promises, understandings, or agreements not set forth herein. Any changes, modifications, amendments, or additions to this Agreement shall not be valid unless agreed to in writing by the party to be charged. The parties expressly waive application of any local, state, or federal law, statute, or judicial decision allowing modifications, amendments, or additions notwithstanding an express provision requiring a writing signed by the parties.

6. **Complete Accord.** Dealer acknowledges that this Agreement constitutes a complete accord with respect to all claims, demands, or causes of action herein released.

7. **Confidentiality.** Dealer shall not disclose to any person or entity, directly or indirectly, or by or through any agent, employee, or other representative, the terms or conditions of this Agreement or of the underlying transactions, other than as necessary to effectuate the provisions of this Agreement.

8. **Legal Review.** Dealer has reviewed this Agreement with its legal, tax, or other advisors, and is fully aware of all of its rights and alternatives. In executing this Agreement, Dealer acknowledges that its decisions and actions are entirely voluntary and free from any mental, physical, or economic duress.

9. **Acknowledgements.** Dealer acknowledges and agrees that:

(a) This Agreement is executed as a mutual agreement between Dealer and GM, negotiated at arms-length, with mutual promises and covenants involving substantial consideration provided to Dealer by GM.

(b) The establishment of representation for the sale and service of Buick motor vehicles at the Proposed Site will improve GM's dealer network.

(c) An improved dealer network benefits Dealer's operations, surrounding GM dealers, as well as the consuming public by fostering beneficial inter- and intra-brand competition.

(d) It reviewed and analyzed its existing operations and determined that the Proposed Site is a location at which the establishment of a dealership of the same line make would not cause any substantial adverse economic impact to Dealer's operations, and, moreover, any potential adverse impact is far outweighed by benefit to Dealer from consideration provided by GM.

10. **Term.** This Agreement shall remain in full force and effect for a period of ten (10) years from and after the date set forth in the introductory paragraph hereof.

IN WITNESS WHEREOF, Dealer has executed this Agreement through its duly authorized representatives as of the day and year first above written.

DEALER:

JIM LUPIENT OLDSMOBILE COMPANY, a Minnesota corporation, d/b/a Lupient Pontiac Buick GMC

By:_____
Name:_____
Title:_____



ATTORNEYS & COUNSELORS
LAWRENCE M. SHAPIRO, P.A.
DIRECT DIAL NO. (612) 373-8325
LSHAPIRO@GR-ESPEL.COM



February 23, 2006

**_VIA U.S. MAIL_**

Clerk of Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

    Re:    *Jim Lupient Buick Oldsmobile Company v. General Motors Corporation*
            Court File No.: Not yet assigned.
            Our File No. 2727.0026

Dear Clerk of Court:

Enclosed herein for filing, please find the following original documents:

1. Summons;

2. Complaint;

3. Civil Cover Sheet; and

4. Rule 7.1 Corporate Disclosure Statement.

Also enclosed, please find a check in the amount of $250, representing the filing fee.

                                    Very truly yours,

                                    Lawrence M. Shapiro, P.A.

LMS/jmo
Enclosures

200 SOUTH SIXTH STREET, SUITE 1200, MINNEAPOLIS, MN 55402-1415
612-373-0830 TEL  612-373-0929 FAX  WWW.GREENEESPEL.COM
PROFESSIONAL LIMITED LIABILITY PARTNERSHIP